UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLBERTO DAVALOS,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 11-0111-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On January 27, 2011, Nolberto Davalos ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits. The Commissioner filed an Answer on July 27, 2011. On November 16, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 52 year old male who applied for Social Security Disability and Disability Insurance benefits on February 6, 2006, alleging a disability onset date beginning December 20, 2001. (AR 81.) Plaintiff has not engaged in substantial gainful activity from the onset date through his date last insured of December 31, 2007. (AR 83.)

Plaintiff's claim was denied initially on August 30, 2006, and on reconsideration on May 2, 2007. (AR 81.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lowell Fortune on August 26, 2008, in San Bernardino, California. (AR 81, 95-112.) After receiving updated medical records, the ALJ held a supplemental hearing on December 15, 2008, in San Bernardino, California. (AR 81, 113-128.) Plaintiff appeared and testified at both hearings and was represented by counsel. (AR 81.) Vocational expert ("VE") Alan E. Cummings appeared and testified at the supplemental hearing. (AR 81.)

The ALJ issued an unfavorable decision on March 20, 2009. (AR 81-92 .) The Appeals Council denied review on December 16, 2010. (AR 70-72.) On December 21, 2010, Plaintiff submitted additional medical evidence and requested that the ALJ decision be reopened. (AR 3-5.) On January 12, 2011, the Appeals Council denied Plaintiff's request to reopen the case. (AR 1-2.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ failed to assess properly Plaintiff's credibility.
2. Whether the ALJ failed to explain the inconsistency between the Dictionary of Occupational Titles and the expert's testimony.
3. Whether the ALJ provided adequate findings on how the severe impairments of obesity, vision loss and hearing loss affected Plaintiff's ability to perform basic work activity.
4. Whether the ALJ properly assessed Plaintiff's residual functional capacity.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. <u>Parra</u>, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. <u>Parra</u>, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen v. Yuckert</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

§ 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of December 20, 2001, through his date last insured of December 31, 2007. (AR 83.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: a lumbosacral spine disorder, obesity, vision loss, and hearing loss. (AR 84.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 84.)

The ALJ then found that the Plaintiff had the RFC to perform light work, except he would be limited to standing four hours in an eight-hour workday and would need to be able to change positions at will. (AR 84.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC. (AR 89-90.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform his past relevant work as a delivery driver. (AR 90.) The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, such as packager, inspector and assembler. (AR 91.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 92.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence. There was no medical evidence to support greater RFC limitations due to obesity, hearing loss or vision loss than assessed by the ALJ. Thus, the ALJ's RFC was supported by substantial evidence. The

Appeals Council reasonably determined that medical evidence submitted after the ALJ decision was issued would not change the ALJ's RFC and non-disability determination. Additionally, in finding that Plaintiff could perform light work occupations, the VE provided an adequate explanation for the variance between his testimony and the Dictionary of Occupational Titles ("DICOT").

The non-disability determinations of the ALJ and Appeals Council were supported by substantial evidence and free of legal error.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ assessed the Claimant with an RFC for light work with limitations. Three of the four issues raised by Plaintiff concern the ALJ's RFC. The ALJ's RFC, however, is supported by substantial evidence.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The ALJ Properly Discounted Plaintiff's Subjective Symptoms

Plaintiff first challenges the ALJ's RFC because he claims the ALJ improperly discounted his subjective symptoms that render him unable to work. The Court disagrees.

#### 1. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence.

Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 90.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible during the period from the onset date of December 20, 2001 through the date last insured of December 31, 2007. (AR 90.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ's first reason for discounting Plaintiff's credibility is that Plaintiff's subjective symptoms were not supported by the objective medical evidence. (AR 89-90.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ thoroughly discussed the medical evidence of record. (AR 84-88.) Plaintiff, a truck driver, suffered a work-related back injury in 2001. (AR 244-45.) Plaintiff underwent surgeries for his back but

his recovery was good (AR 89, 270, 445) and subsequent X-rays showed Plaintiff's back was stabilized. (AR 89, 443, 448-49.) MRIs and CT scans showed no serious conditions. (AR 89, 263-265, 447, 451-55.) The ALJ provided 12 reasons for discounting Plaintiff's credibility, 10 of which are references to the objective medical evidence that is inconsistent with Plaintiff's claims of disability. (AR 89.) One of the reasons is that "no physician, neither any of the claimant's treating physicians or a State agency physician ever opined that listing level limitations were ever met or equaled during the period at issue." (AR 89.) The ALJ gave greatest weight to the opinions of consulting, examining orthopedists Dr. Thomas Jackson and Dr. William Boeck, both of whom assessed RFCs that would not preclude all work. (AR 87, 88, 90.) The ALJ, however, gave Claimant the benefit of the doubt, and assessed a more restrictive RFC than offered by Dr. Jackson and Dr. Boeck. (AR 90.) Plaintiff does not challenge the objective medical evidence cited in the ALJ decision, only its interpretation.[2]

The ALJ also determined that Plaintiff was vague and evasive when asked questions such as how much in an average day he spent sitting or standing.[3] (AR 88, 89, 103-104.) This

---

[2] In the Reply portion of the Joint Stipulation, Plaintiff suggests that Dr. Boeck's RFC was more restrictive than the ALJ's RFC because Dr. Boeck found that Plaintiff could sit for only two hours at a time for 6 hours in an 8 hour day and stand and walk only one hour at a time for a total of 2 hours in a day. (JS 20.) Yet Dr. Boeck stated lifting restrictions of 50 pounds while the ALJ limited Plaintiff to 20 pounds. Dr. Boeck, moreover, did not impose an at-will sit/stand option as the ALJ's RFC does. Thus, the ALJ's statement that he imposed greater restrictions than Dr. Boeck was reasonable and cannot be second-guessed. Rollins, 261 F.3d at 857. More importantly, Dr. Boeck did not say that Plaintiff is disabled and cannot work. Quite to the contrary, his RFC does not preclude all work.

[3] The hearing testimony was as follows:

> Q: And out of an eight hour period of the day, how long total can you sit for?
> A: From time to time? I haven't paid attention to that.
> Q: Okay. So you think you could sit for twenty minutes each hour for eight hours?
> A: I'm not sure.
> Q: Why not?
> A: I haven't tried to ___ that yet.

(AR 103-04.)

was not "sit and squirm jurisprudence" where an ALJ comments on a claimant's medical symptoms at the hearing. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). Here, the ALJ was engaging in ordinary techniques of credibility evaluation in determining that Plaintiff's testimony was evasive and less than candid. Smolen, 80 F.3d at 1284. Plaintiff disagrees with this finding (JS 9), but the ALJ's finding was reasonable and this Court cannot second-guess it. Rollins, 261 F.3d at 857 (ALJ's interpretation of testimony if reasonable and supported by substantial evidence should not be second-guessed).

      Additionally, the ALJ found that Claimant was not candid about how well he spoke English. (AR 88, 89.) Inconsistencies in testimony are a valid reason for discounting credibility. Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997). Here, Claimant contended he could not speak English well and had an interpreter at the hearing but admitted to studying English and passed a written examination in English for U.S. citizenship. (AR 88, 89.) He also told Dr. Jackson that he spoke English fairly well. (AR 88, 89.) Again, the ALJ's finding was reasonable and cannot be second-guessed. Rollins, 261 F.3d at 857. Plaintiff does not dispute or even address this reason for discounting Plaintiff's credibility.

      The ALJ's reasons for discounting Plaintiff's credibility were clear and convincing, and supported by substantial evidence.

---

. . .

    Q:    How long can you walk for at one time, and then out of an eight hour day?
    A:    I haven't timed myself.

(AR 105.)

. . .

    Q:    How long, and how much time, or how far could you carry it [a gallon of milk]?
    A:    I don't know how many feet . . .

(AR 106.)

**B. The ALJ Did Not Err In Not Including Additional RFC Limitations For Obesity, Vision Loss And Hearing Loss**

The ALJ found that Plaintiff had the medically determinable severe impairments of obesity, vision loss and hearing loss. (AR 84.) Plaintiff contends that the ALJ decision improperly fails to include limitations for these impairments or any explanations for the omission of any limitations for these impairments. The Court disagrees. A finding of severe impairment does not necessarily warrant limitations in a claimant's RFC. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228-29 (9th Cir. 2009) (no authority that a severe impairment must correspond to limitations in the ability to work). The ALJ's RFC contains all the limitations supported by the medical evidence.

The ALJ found that Plaintiff was at Level III obesity. (AR 85.) The ALJ explained that obesity is no longer a separate impairment after 1999 but a risk factor that may contribute to or complicate a claimant's musculoskeletal, respiratory or cardiovascular systems. (AR 84-85.) See also Celaya v. Halter, 332 F.3d 1177, 1181 n.1 (9th Cir. 2003) (obesity to be considered only in regard to its impact on a claimant's musculoskeletal, respiratory, or cardiovascular systems). Here, the ALJ imposed standing limitations for Claimant's lumbosacral spine disorder. (AR 84.) There was no medical evidence that Plaintiff's obesity caused any additional restrictions on his ability to work beyond those already cited by the ALJ in his RFC. Plaintiff who has the burden to prove disability does not cite any medical evidence in the record that his obesity had any significant effect on his musculoskeletal, respiratory or cardiovascular systems not accounted for by the ALJ's RFC limitations. The ALJ did not err in omitting any further limitations in the RFC due to obesity or in not providing more explanation than was offered.

The ALJ made specific findings about Plaintiff's hearing loss. He observed that based on audiometric testing Claimant "only had a high frequency neurosensory loss of hearing with tinnitus" as a result of noise exposure while driving a truck. (AR 86.) There was no medical evidence to support any disabling work limitations. The otolaryngolic evaluation of Dr. Geoffrey Smith states, "Other than the use of adequate hearing protection when around

loud noise, there are no work restrictions on an ENT basis." (AR 358.) Dr. Smith also indicated that a hearing aid would provide an excellent return toward normal hearing. (AR 358.)

The ALJ also made specific findings about Plaintiff's vision loss. The ALJ specifically found that optometrist Dr. Duran reported that Claimant's corrected vision with prescription was 20/20 in each eye for distance and 20/20 in each eye for near. (AR 87, 89.) If an impairment can be controlled by treatment, there is no error in finding an impairment does not limit a claimant's ability to work. See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (no disability where ALJ found fair response to antibiotics and a hearing aid returned hearing to almost normal limits).

Plaintiff incorrectly asserts that the ALJ rejected material evidence without giving reasons. (JS 19.) In fact, there was no medical evidence to support additional limitations for obesity, hearing loss and vision loss beyond those specified in the RFC. The ALJ did not err in omitting further limitations due to those impairments or in not explaining their omission of limitations more than was offered.

### C. The Appeals Council Properly Denied Plaintiff's Request To Reopen And Change The ALJ's Decision

Subsequent to the ALJ's March 10, 2009, decision, the Appeals Council denied review on December 16, 2010. (AR 70-72.) On December 21, 2010, Plaintiff submitted additional medical evidence and sought to reopen the ALJ decision. (AR 3-5.) The new evidence consisted of: (1) a medical-legal report by workers' compensation qualified medical evaluator Dr. Hirsh, an internist; (2) an agreed medical reevaluation by orthopedist Dr. Thomas Jackson; and (3) Dr. Jackson's April 3, 2009, deposition. (AR 6-69.) The Appeals Council reviewed the above evidence and concluded that it did not show disability prior to December 31, 2007, the date last insured. (AR 1.) The Appeals Council properly determined that there was no reason to reopen and change the ALJ's decision. (AR 1-2.)

Plaintiff's principal argument based on the new evidence is that Dr. Jackson now was stating a more restrictive RFC than the ALJ's RFC did. Specifically, Dr. Jackson stated that

Plaintiff probably could sit for 15 minutes, stand for 5 minutes and walk for 45 minutes. (AR 61, 62.) Dr. Jackson's work restrictions in his July 2008 report, however, were the same as those stated in his January 2007 report. (Compare AR 476 to AR 51.) Dr. Jackson also testified that he would change nothing in his prior reports. (AR 59-60.) Additionally, Dr. Jackson's clarified assessments that Plaintiff could sit for 15 minutes, stand for 5 minutes and walk for 45 minutes are not inconsistent with or more restrictive than the ALJ's RFC limitation of an at-will sit/stand option. (AR 60.) The Appeals Council's determination that Plaintiff failed to demonstrate that the additional medical evidence would change the ALJ's decision was reasonable and supported by the evidence.

### D. Summary

The ALJ's RFC is supported by substantial evidence.

## II. THERE WAS NO INCONSISTENCY BETWEEN THE VE'S TESTIMONY AND THE DICOT

At step five, the ALJ found, based on the VE's testimony, that Claimant was capable of performing representative light occupations such as packager, inspector and assembler. (AR 91.) The ALJ also determined that the VE's testimony was consistent with the job description information in the DICOT. (AR 91.) Plaintiff claims that the VE's testimony is inconsistent with DICOT. Plaintiff is correct but the error was harmless because the VE provided an adequate explanation for the variance.

### A. Relevant Law

ALJ's routinely rely on DICOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DICOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . .

evidence and information provided in the [Dictionary of Occupational Titles]"). In order to accept vocational expert testimony that contradicts DICOT, "the record must contain persuasive evidence to support the deviation." Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DICOT. See Pinto, 249 F.3d at 847. Failure to do so, however, can be harmless error when there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from DICOT. Massachi, 486 F.3d at 1154 n.19.

**B. Analysis**

The ALJ's RFC specifies light work with limitations, i.e., Claimant "would be limited to standing four hours in an eight-hour workday and would need to be able to change positions a will." (AR 84.) The VE testified Plaintiff could perform three light jobs (packager, inspector and assembler.) (AR 91, 124-127.) These jobs generally require walking or standing to a significant degree. See requirements for light exertional work, DICOT Appendix C, 199 WL 688702. Each of the DICOT job descriptions for the jobs identified by the VE repeat this requirement. DICOT 920.685-050 (packager), 573.687-034 (inspector) and 780.684-062 (assembler). These job descriptions do not contain an at-will sit/stand limitation or limitation to 4 hours standing.

The ALJ recognized that Claimant's ability to perform the full range of light work had been impeded by additional limitations. (AR 91.) That is why the ALJ sought the assistance of a VE. (AR 91.) The Ninth Circuit has made clear that general descriptions of job requirements may be inapplicable in specific circumstances. Massachi, 486 F.3d at 1153 n.17. An individual who is not functionally capable of the prolonged standing or walking required for most light work may be able to perform such jobs if they permit a sit/stand option. SSR 83-12. VE's can provide information not listed in DICOT. SSR 00-4p.

In this case, the VE explained that there are light jobs that as actually performed would accommodate a sit/stand option:

> Q: Okay. Now, to that extent, then your testimony might differ from the DOT or not? The DOT characterizes these jobs as light, but do I take it from your testimony they don't require six hours standing?
>
> A: That's correct. As customarily performed, the jobs allow a sit/stand option as they're typically performed, and that's based on employer interview and labor market surveys.

(AR 127.)

The ALJ was mistaken in finding that the VE's testimony was consistent with DICOT. (AR 91.) The DICOT job descriptions for the three jobs identified by the VE do not contain a sit/stand option. The VE made clear that he was relying on information outside DICOT. The ALJ, however, asked the VE if there was a conflict with DICOT and received an adequate explanation for it, as required. Pinto, 249 F.3d at 846. The ALJ's error therefore was harmless.

. . .

The non-disability determinations of the ALJ and Appeals Council are supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 10, 2012             */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE